UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,           Case No. 05-80439-D1

       Plaintiff,                    District Judge Paul D. Borman

v.                                  Magistrate Judge R. Steven Whalen

IBRAHIM AL-NIGRISH,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

On January 4, 2006, Defendant Ibrahim Al-Nigrish pled guilty to one count of trafficking in contraband cigarettes, 18 U.S.C. § 2342(a) (Count I), and one count of count of conspiracy to possess a listed chemical, 21 U.S.C. § 846 (Count II). He was sentenced to 60 months imprisonment on Count I and 37 months on Count II, to run consecutively.

On September 20, 2011, Mr. Al-Nigrish filed a motion to vacate sentence, pursuant to 28 U.S.C. § 2255 [Doc. #37]. On November 28, 2011, he filed an "Affidavit in Support of Motion to Withdraw 2255" [Doc. #40].

The matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). I recommend that Mr. Al-Nagrish's affidavit be treated as a Notice of Dismissal under Fed.R.Civ.P. 41(a)(1)(A)(i), and that motion to vacate [Doc. #37] be DISMISSED WITH PREJUDICE by the Clerk's Office.

**I.   STANDARD OF REVIEW**

Rule 12 of the Rules Governing § 2255 Proceedings provides that the Federal Rules of Civil Procedure may be applied in § 2255 cases, "to the extent that they are not

incosistent with any statutory provisions or [the § 2255] rules."

Because Mr. Al-Nigrish has asked that his case be dismissed, the applicable rule is Fed.R.Civ.P. 41(a)(1)(A)(I), which provides:

> **(a) Voluntary Dismissal.**
>
> **(1)** *By the Plaintiff.*
>
> **(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.

Rule 41(a)(1)(B) provides that such dismissal is without prejudice "unless the notice...states otherwise."

## II.   DISCUSSION

Mr. Al-Nigrish states in his affidavit that he seeks dismissal "[p]ursuant to Rule 27 of the Federal Rules." It is unclear what he is referring to, since neither Civil nor Criminal Rule 27 deals with voluntary dismissals. In any event, the substance of the affidavit makes it clear that he is in fact seeking voluntary dismissal. He states that he "moves this Court to dismiss" his § 2255 motion "on grounds that the case has become moot." He also states, "I have no intention of perfecting my 2255 in this matter, [w]herefore I respectfully request that my 2255 be withdrawn...." Pro se pleadings are liberally construed, so it is of no import that Mr. Al-Nigrish cited the wrong rule; his intentions appear to be clear.

The government has not responded to Mr. Al-Nigrish's motion, and therefore the action may be dismissed without a court order under Rule 41(a)(1). Moreover, Mr. Al-Nigrish's statement that the case is in his view moot, and that he has "no intention of

perfecting [his] 2255" motion, indicates that he seeks dismissal with prejudice.

Ordinarily, the case would simply be closed under these circumstances, since Rule 41(a)(1) provides for dismissal without court order. However, because Mr. Al-Nigrish is proceeding without counsel, it would be prudent to give him the opportunity to advise the Court if I am misconstruing his intentions. I am therefore proceeding by Report and Recommendation. If he disagrees with my recommendation that his § 2255 motion be dismissed with prejudice, he may file written objections within 14 days. If he agrees with my recommendation, he need not do anything.

### III. CONCLUSION

I recommend that Mr. Al-Nagrish's affidavit [Doc. #40] be treated as a Notice of Dismissal under Fed.R.Civ.P. 41(a)(1)(A)(i), and that motion to vacate [Doc. #37] be DISMISSED WITH PREJUDICE by the Clerk's Office.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1 (d)(2). Failure to file specific objections constitutes a waiver of any further right to appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct.46, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local* 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1 (d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed

objections, the opposing party may file a response. The response should not be more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                    s/ R. Steven Whalen  
                                                    R. STEVEN WHALEN  
                                                    UNITED STATES MAGISTRATE JUDGE

Date:  November 30, 2011

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on November 30, 2011.

Ibrahim Al-Niqrish, #43385-060        s/Johnetta M. Curry-Williams  
D. Ray James Correctional Facility        Case Manager  
3262 Highway 252  
Folkston, GA 31537