UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

IBRAHIM AL-NIGRISH

                Defendant.

No. 05-80439

District Judge Paul D. Borman
Magistrate Judge R. Steven Whalen

_____ /

## REPORT AND RECOMMENDATION

Before the Court is Defendant Ibrahim Al-Nigrish's Motion Pursuant to Rule 41(e) to Return Personal Property [Doc. #50]. Proceeding by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) [Doc. #53][1], I recommend that the motion be CONDITIONALLY GRANTED, such that the government may retain possession of Defendant's Jordanian passport until the conclusion of immigration proceedings, at which time his passport must be returned to him.

---

[1] Because this motion is made after the termination of criminal proceedings, it is treated as a civil complaint for equitable relief. *Onwubiko v. United States*, 969 F.2d 1392, 1397 (2d Cir.1992), overruled on other grounds by *Polanco v. U.S. Drug Enforcement Admin*., 158 F.3d 647, 651 (2d Cir.1998). Although the matter was referred for hearing and determination under 28 U.S.C. § 636(b)(1)(A) [Doc. #53], it seems more appropriate to proceed by Report and Recommendation.

## I.   FACTS

Defendant Al-Nigrish pled guilty to trafficking in contraband cigarettes, 18 U.S.C.

§ 2342(a) (Count I), and conspiracy to possess a controlled substance, 21 U.S.C. § 846

(Count II). He was sentenced to 60 months imprisonment on Count I and 37 months on

Count II, to run concurrently.

Relevant to the present motion, in the course of the Defendant's arrest and

prosecution, his Jordanian passport was seized.  It has not been the subject of any

forfeiture action.  He now seeks to have it returned.

## II.   DISCUSSION

Defendant seeks the return of his passport, citing Fed.R.Cr.P. 41(e).  In 2002, this

section was redesignated 41(g), without substantive change.  *United States v. Wilson*,

2008 WL 3200657, fn. 1 (E.D. Mich. 2008).  Rule 41(g) reads as follows:

> "A person aggrieved by an unlawful search and seizure of property or by
> the deprivation of property may move for the property's return. The motion
> must be filed in the district where the property was seized. The court must
> receive evidence on any factual issue necessary to decide the motion. If it
> grants the motion, the court must return the property to the movant, but may
> impose reasonable conditions to protect access to the property and its use in
> later proceedings."

If a motion under this Rule is made after the termination of criminal proceedings,

it will be treated as a civil complaint for equitable relief. *See Onwubiko v. United States*,

969 F.2d at 1397.

"The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated." *Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir.1982)(quoting *United States v. Francis*, 646 F.2d 251, 262 (6th Cir. 1981)).  However, "the court must balance the legitimate needs of the United States against the property rights of the moving party." *United States v. Popham*, 382 F.Supp.2d 942, 956 (E.D. Mich. 2005)(citing *Sovereign News Co.*). Where the seized property is a passport, one such legitimate government need is its use in deportation proceedings. " [I]f a defendant's passport is necessary for the Government to effect the deportation and exclusion of the defendant after he has completed his sentence, the passport may be retained by the Government." *United States v. Beras*, 2003 WL 21136727, at *1–2 (S.D.N.Y. 2003). "[A]ny disposition regarding [defendant's] passport 'must await the result of ... exclusion proceedings.'" *Esieke v. United States*, 1993 WL 184153, *1 (E .D.N.Y. 1993)(quoting *Onwubiko*, 969 F.2d at 1398).

As the government points out in its response [Doc. #51, ¶ 11(d)], Defendant "is likely subject to removal proceedings as an aggravated felon pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii)." The government would require Defendant's Jordanian passport for use during the exclusion proceedings and ultimately to effect his deportation to Jordan. Once those proceedings are concluded, Defendant would be entitled to the return of his

passport.[2]

It appears that Defendant has been released from prison.  The government may properly maintain possession of his passport until the completion of removal proceedings. Once those proceedings are concluded, Defendant is entitled to the return of his passport.[3]

### III.    CONCLUSION

I recommend that Defendant's Motion Pursuant to Rule 41(e) to Return Personal Property [Doc. #50] be CONDITIONALLY GRANTED, such that the government may retain possession of Defendant's Jordanian passport until the conclusion of immigration proceedings, at which time his passport must be returned to him.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further

---

[2] The government also argues that "travel documents issued by a government are usually considered the property of the issuing government, not personal property." *Government's response*, ¶ 11(g), citing 22 C.F.R. § 51.7.  That regulation, and the cases cited by the government, apply to United States passports, and have no relevance to a claimant's property interest in a foreign passport.  The government cites no authority for the proposition that Defendant cannot move for return of a Jordanian passport under Rule 41(g).

[3] If removal proceedings have in fact been concluded and the Defendant's passport already returned to him (whether or not he was ordered deported), then his motion would of course be moot.  Neither the Defendant nor the government has informed the Court of the status of any immigration proceedings.

-4-

right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991);  *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

<div style="margin-left:40%">

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

</div>

Dated: January 29, 2019

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was sent to parties of record on January 29, 2019, electronically and/or by U.S. mail.

<u>s/Carolyn M. Ciesla</u>
Case Manager to the
Honorable R. Steven Whalen